UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID M. DRAYTON ) | |
| ) | |
| Plaintiff, ) | Case No. 09 CV 1610 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| CITY OF CHICAGO ) | |
| DEPARTMENT OF HEALTH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, David M. Drayton ("Drayton"), filed a Complaint against the Defendant, City of Chicago Department of Health ("DOH"), alleging discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") for race and color discrimination, 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983"). Presently before the Court is the City of Chicago's Motion to Dismiss in part Drayton's Complaint for failure to state a claim upon which relief may be granted and to stay time to answer Drayton's Complaint. For the reasons stated below, the motion to dismiss is granted.

### BACKGROUND

The following facts are alleged in Drayton's Complaint and in the accompanying Illinois Department of Human Rights Charge of Discrimination ("Charge"). Drayton alleges that he was denied employment by the City of Chicago Department of Health. (Complaint, ¶5.) Drayton alleges that the DOH discriminated against him because of his age, color, and race. (Complaint, ¶9.)

Drayton is 58 years old and black. (Charge, (II)(B)(1), (III)(B)(1).) He has excellent qualifications for the position of communicable disease investigator with the DOH. (Charge, (I)(B)(2).) Drayton applied for this position in June 2006. (Charge, (I)(B)(2).) In December 2006, he was contacted by the DOH and told he was hired. (Charge, (I)(B)(4).) He filled out forms and was led to believe that he would begin work on December 18, 2006. (Charge, (I)(B)(4).) However, Drayton never began working for the DOH and received a letter, dated March 2, 2007, denying him employment. (Charge, (I)(B)(3).) Drayton alleges that this was due to an undisclosed arrest record. (Charge, (I)(B)(5).) Drayton alleges that most of the DOH's employees were younger than he and non-black. (Charge, (II)(B)(5), (III)(B)(5).)

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S. Ct. at 1965, 1973 n. 14).

2

## ANALYSIS

The City of Chicago ("City") argues for dismissal on three grounds: (1) the DOH is not a suable entity and should be replaced by the City as the proper defendant; (2) punitive damages are not recoverable against the City; and (3) Drayton's Section 1981 and 1983 claims fail to state a claim upon which relief may be granted. The City also moved this Court to stay time to answer the remaining claims in Drayton's Complaint.

### *Proper Defendant*

The City alleges that the DOH is not a suable entity and should be dismissed and the City should be substituted as the proper defendant. Drayton concedes, in his response, that the City is the proper defendant in this action. Accordingly, the DOH is dismissed from this case and the City of Chicago is substituted as the proper defendant.

### *Punitive Damages*

The City contends that Drayton's claim for punitive damages should be dismissed because punitive damages are not recoverable under the ADEA, Title VII, or Sections 1981 or 1983 against a municipal entity, such as the City. Drayton agreed, in his response, that punitive damages are not recoverable against the City in this action. Accordingly, Drayton's claim for punitive damages is dismissed.

### *Failure to State a Claim Upon Which Relief May Be Granted*

The City argues that Drayton's action against the City under Sections 1981 and 1983 should be dismissed for failure to state a claim. In *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) (*Monell*), the Supreme Court held that a plaintiff's constitutional injury under Section 1983 must be the result of a municipal policy. *Id.*, at 692. Municipalities are not liable under the theory of *respondeat superior*. *Id. Smith v. Chicago School Reform*

3

*Board of Trustees*, 165 F.3d 1142 (7th Cir. 1999), held that *Monell* standards also apply to Section 1981 claims. *Id.*, at 1148.

The City contends that Drayton did not allege an "express" policy, a "widespread practice," or that his constitutional injuries were caused by persons with "final policymaking authority." 436 U.S. 658, 692. Drayton alleges that he was discriminated against because he did not disclose certain arrest dates on his final job application. He also alleges that he was denied employment due to his age and race. The City contends that the details Drayton provided allege only an isolated incident specific to him and do not involve a municipal policy, as required by *Monell. Id.*

Drayton argues, in his response, that he has set out sufficient details to plausibly suggest that he has a right to relief under Sections 1981 and 1983. He alleges that he was not hired at the DOII and that most of the employees he observed were non-black and younger than he. He argues that heightened pleading standards are not required in Section 1983 civil rights actions, alleging municipal liability. *See Leatherman v. Tarrant County*, 954 F.2d 1054 (5th Cir. 1992), *rev'd*, 507 U.S. 163, 164 (1993). While a heightened pleading standard is not required, sufficient details are necessary to determine if the alleged incident was the result of a municipal policy. Therefore, the City's motion is granted with respect to Drayton's claims under Sections 1981 and 1983. However, Drayton is granted leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss in part Drayton's claims under Sections 1981 and 1983 is granted for failure to state a claim. However, Plaintiff is given leave to file an amended complaint within 30 days of the date of this Order if he can do so consistent with Rule 11.

Date: November 5, 2009

JOHN W. DARRAH
United States District Court Judge

5